**UNITED STATES COURT OF APPEALS**
**for the Fifth Circuit**

_____

No. 95-60008
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

DONALD HOOKER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Mississippi
(3:93 CV 175 D)

_____
August 24, 1995

Before GARWOOD, HIGGINBOTHAM and DAVIS, Circuit Judges.

PER CURIAM:[1]

Donald Hooker appeals the district court's dismissal of his §
2255 petition.  We affirm.

I.

Hooker and his co-defendant, Donald Ray Reed, were charged in
a six-count indictment with various drug-trafficking and firearm
offenses.  Hooker was charged and convicted on the first four
counts, and this court affirmed the conviction.  See United States
v. Hooker, 997 F.2d 67, 69 (5th Cir. 1993).  Both Reed and Hooker

---

[1]  Local Rule 47.5 provides:  "The publication  of opinions
that have no precedential value and merely decide particular cases
on the basis of well-settled principles of law imposes needless
expense  on  the  public  and  burdens  on  the  legal  profession."
Pursuant to that Rule, the court has determined that this opinion
should not be published.

were represented by the same counsel, Mr. Gaines Dyer, and both signed a "Waiver of Conflict of Interest."

Hooker filed a pro se motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255. He asserted that: (1) the district court violated Fed. R. Crim. P. 44(c) by failing to inform him of the specific facts and consequences of dual representation; (2) the district court's failure to inform him of the consequences of joint representation violated his right of due process and deprived him of effective assistance of counsel; and (3) the district court erred in ordering Hooker to pay a fine.

Without holding a hearing or eliciting a response from the Government, the district court, who had presided over the trial, denied the motion. The district court found that Hooker had been capably represented by counsel, that potential conflicts of interest were properly handled, and that the remaining arguments lacked merit. Hooker filed a timely notice of appeal.

II.

A.

Hooker argues first that he was unable to make a knowing decision whether to retain separate counsel because the district court did not make him aware pursuant to Fed. R. Crim. P. 44(c) that he had a right to separate counsel and that there were possible consequences to dual representation. However,

> the question presented is not one of constitutional dimension; when a trial court has no reason to believe that a conflict exists, its failure to inquire concerning the propriety of joint representation or to advise a criminal defendant of his right to conflict-free representation is not in itself a denial of his constitutional rights.

United States v. Benavidez, 664 F.2d 1255, 1258 (5th Cir.), cert. denied, 457 U.S. 1121 (1982).  Thus, Hooker's claim concerning the district court's failure to comply with Rule 44(c) is not cognizable in a § 2255 motion.  Moreover, because the issue could have been raised on direct appeal, we should not consider it unless failure to do so would result in a miscarriage of justice.  See United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992).  Hooker has not demonstrated such a circumstance.

## B.

Hooker argues further, however, that the district court's noncompliance with Rule 44(c) resulted in a violation of his Sixth Amendment right to effective assistance of counsel.  However, joint representation is not unconstitutional per se.  Holloway v. Arkansas, 435 U.S. 475, 482 (1978).  To establish a Sixth Amendment violation in this context, a movant must demonstrate that an actual conflict of interest adversely affected his lawyer's performance.  Cuyler v. Sullivan, 446 U.S. 335, 348 (1980).  In his motion, Hooker presents no facts to show that counsel's performance was deficient or that he labored under an actual conflict.  Rather, he merely rephrases his argument that the district court failed to comply with Rule 44(c).  Thus, his arguments are too conclusory to raise a constitutional issue.  See United States v. Pineda, 988 F.2d 22, 23 (5th Cir. 1993).

## C.

Hooker argues next that the district court erred in imposing a fine at sentencing without a determination on the record that

3

Hooker was able to pay the fine.  The question of the propriety of a fine is not cognizable under § 2255 because it is a sentencing issue which could have been raised on direct appeal and is not of constitutional dimension.  See United States v. Segler, 37 F.3d 1131, 1137 (5th Cir. 1994); United States v. Faubion, 19 F.3d 226, 233 (5th Cir. 1994).  The district court correctly rejected this claim.

AFFIRMED.